**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

VS.   CASE NO: **6:16-cr-198-Orl-28GJK**

(CASE NO. **6:19-cv-1782-Orl-28/GJK**)

**ROY THOMAS PHILLIPS**
_____

## ORDER

Defendant's "Motion for Transfer to Home Confinement Pending Outcome of Pending Motion Pursuant to 28 U.S.C. 2255" ("Motion") (Doc. 93) is before the Court for consideration. The Government has filed a response to the Motion. (Doc. 95). For the reasons stated below, the Motion is due to be denied.

Defendant asks the Court to transfer his place of incarceration from prison to home confinement pending a decision on his recently filed Motion to Vacate pursuant to 28 U.S.C. § 2255[1] based on his concern that he could contract the Covid-19 virus in his current facility. He seeks this relief pursuant to the Coronavirus Aid, Relief and Economic Security ("CARES") Act (Pub. L. No. 116-136). The Court lacks the authority to grant the requested relief.

Section 12003(b)(2) of the CARES Act provides that "if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section

---

[1] Doc. 92; Doc. 6 in case no. 6:19-cv-1782.

3624(c)(2) of title 18, United States Code, as the Director determines appropriate." The Attorney General made those findings on April 3, 2020, conferring on BOP the authority to expand its use of house confinement.[2] The CARES Act did not remove the exclusive authority of the BOP to designate the place of an inmate's confinement. "The Attorney General—and by delegation the BOP—has exclusive authority and *discretion* to designate the place of an inmate's confinement." *Burg v. Nicklin*, No. EP-19-CV-24-FM, 2019 WL 369153, at *3 (W.D. Tex. January 29, 2019)(emphasis in original) citing *Moore v. United States Att'y Gen*, 473 F.2d 1375, 1376 (5th Cir. 1973).[3]

Specifically, prerelease custody is governed by 18 U.S.C. § 3624(c). "Under the plain language of the statute, 'the Bureau of Prisons, not the Court, has the sole authority to prescribe home confinement post-incarceration [under 18 U.S.C. § 3624(c)].'" *United States v. Neeley*, No. 1:14-cr-00096-SEB-TAB, 2020 WL 1956126, at *2 (S.D. Ind. April

---

[2] As stated on BOP's webpage as to the expansion given under the CARES Act:

> The BOP has the authority to expand the time and decide who should be released under this expansion. Inmates do not need to apply to be considered for home confinement. Case management staff are urgently reviewing all inmates to determine which ones meet the criteria established by the Attorney General. The Department has also increased resources to review and make appropriate determinations as soon as possible.
>
> While all inmates are being reviewed for suitability, any inmate who believes they are eligible may request to be referred to Home Confinement and provide a release plan to their Case Manager. The BOP may contact family members to gather needed information when making decisions concerning Home Confinement placement.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

2


23, 2020), quoting *United States v. Rodriguez*, No. 16-CR-167(LAP), 2020 WL 1866040, at *4 (S.D.N.Y. Apr. 14, 2020). *See also United States v. Caiado,* No. 8:17-CR-561-T-17TGW, 2019 WL 5653810, at *2 (M.D. Fla. Oct. 31, 2019). As recognized by the United States Supreme Court, "the Attorney General, acting through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992).

Accordingly, Defendant's Motion (Doc. 93) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 6th, 2020.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Roy Thomas Phillips